UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUSAN  A. WRIGHT, an individual | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 15-CV-0360-CVE-PJC** |
| | ) | |
| JENKS PUBLIC SCHOOLS, | ) | |
| INDEPENDENT SCHOOL | ) | |
| DISTRICT NO. 5 OF TULSA | ) | |
| COUNTY, Oklahoma, an Oklahoma | ) | |
| Political Subdivision, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before this Court is defendant's motion to dismiss plaintiff's sixth cause of action (Dkt. # 22).  Defendant asks the Court to dismiss this count because plaintiff has failed to state a claim upon which relief can be granted.  Id.  Plaintiff responds that she has alleged sufficient facts in her amended complaint to state a claim, and asks the Court to deny defendant's motion.  Dkt. # 25.

Plaintiff filed this action in the Northern District of Oklahoma, alleging age discrimination, gender discrimination, retaliation, and a tort claim.  Dkt. # 17.  Plaintiff was formerly employed by defendant in its adult education program.  Id. at 3.  Plaintiff alleges that defendant terminated her without prior notice, falsely explaining to her that the grant supporting the program would not be renewed.  Id.  Plaintiff alleges that the grant was renewed and her position was ultimately filled by a younger individual.  Id.  Plaintiff asserts that she sought reassignment to multiple other positions within the school district for which she was qualified, but she was not selected for any of these positions.  Id. at 3-4.  She alleges that each position was ultimately filled by a younger, less qualified

individual. Id. at 4.  Plaintiff asserts that defendant violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by discriminating and retaliating against her based on her age and gender. Id. at 5-6, 7.  She further asserts that defendant's conduct violated the Oklahoma Anti-Discrimination Act, Okla. Stat. Tit. 25, § 1101 et seq., and that defendant committed a tort under Oklahoma law by terminating plaintiff in violation of public policy. Id. at 6, 8.

Defendant argues that plaintiff's tort claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Defendant asserts that plaintiff has failed to provide sufficient factual support, consistent with Twombly and Iqbal to satisfy Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions" Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton

Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendant argues that plaintiff's tort claim should be dismissed because plaintiff's allegations do not contain sufficient factual basis to satisfy the plausibility standard dictated by Twombly and Iqbal, asserting that plaintiff's amended complaint provides nothing more than conclusory allegations.  Under Oklahoma law, a plaintiff may assert a tort claim against a defendant when the defendant discharged the plaintiff in violation of a clear mandate of public policy, as articulated by constitutional, statutory, or decisional law.  Burk v. K-Mart Corp, 770 P.2d 24, 28 (Okla. 1989).  Plaintiff's amended complaint is completely devoid of any factual allegations that would support a finding that her claim is plausible on its face.  Plaintiff's amended complaint merely asserts that defendant terminated plaintiff after plaintiff reported unlawful actions of her supervisor, identifies  the specific statutory provisions that plaintiff asserts defendant violated, and claims her termination was therefore in violation of public policy.  The amended complaint contains no specific factual allegations that would allow the Court to conclude that the claim is plausible on its face.  Plaintiff attempts to provide this factual basis in an affidavit attached to her response to defendant's motion to dismiss.  Dkt. # 25-1.  But it is a well-settled rule that, in considering a motion to dismiss, a court may only consider the "four corners" of the complaint.  Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003). Plaintiff's attempt to include an affidavit at this stage is inadequate to raise these factual allegations before the Court in considering defendant's motion to dismiss.  Plaintiff's

amended complaint  thus does not state a plausible claim upon which relief can be granted. Plaintiff's claim should be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 22) is **granted**.

**IT IS FURTHER ORDERED** that the motion (Dkt. # 21) is **moot**.

**DATED** this 4th day of November, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE